UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rasheen Idires Greenwood, | ) C/A: 3:11-854-CMC-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Sumter County Police Department; Sgt. Fulmore; | ) |
| other officers of Sumter County Police Department, | ) |
| | ) |
| Defendants. | ) |
| ——————————————————— | ) |

The Plaintiff, Rasheen Idires Greenwood, ("Plaintiff"), proceeding *pro se*, brings this action seeking restitution for personal property, *i.e.* his car and his belongings that were in the car, which Plaintiff alleges were unlawfully taken from him after his arrest by Defendants, on November 24, 2010. Plaintiff is a pretrial detainee in the Sumter-Lee Regional Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the Court concludes that it should be summarily dismissed.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned United States Magistrate Judge is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is

1

frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that he was arrested on November 24, 2010 by Sgt. Fulmore and other officers, "which did not have anything to do with my car."[1] Plaintiff further alleges:

> I was at my home 114 Woodlawn Ave. when Police officers came up saying that they had got a call concerning my car. I asked officer what was the problem. Sgt.

---

[1]According to the Sumter County Third Judicial Circuit Court Public Index and the Sumter-Lee Regional Detention Center websites, Plaintiff was arrested on Nov. 24, 2010 on a General Sessions Court bench warrant, apparently because Plaintiff failed to appear in Sumter County General Sessions Court on charges of failure to stop for a blue light (arrest date: March 24, 2010, case no. M440940, warrant no. 10034487, indictment no. 2010GS4300754) and unlawful carrying of a pistol (arrest date 03/24/2010, case no. M440941, warrant no. 10034487, indictment no. 2010GS4300754). He was released on a $50,000 surety bond on these charges on March 26, 2010. On November 24, 2010, Plaintiff was arrested for burglary second degree (case no. M003451, warrant no. 10136164), unlawful carrying of a pistol (case no. J297037, warrant no. 100147150, indictment no. 2011GS4300315), and possession of marijuana (case no. 87951FG). Plaintiff was found guilty of the possession of marijuana charge, after a bench trial in Sumter Municipal Court on December 13, 2010, and sentenced to 30 days imprisonment or payment of a $620 fine. *See* http://www.sumtercountysc.org/publicindex/ http://www.sumtercountysc.org/p2c/jailinmates.aspx (last visited Apr. 15, 2011). The Court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright,* No. 2:10-cv-00033-RBH-RSC, 2010 WL 565303 at *2, n.5 (D.S.C., February 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008)(collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

> Fulmore said that he had got a call about a stolen car. I then said that my car cant be stolen because my mother brought the car for me and that the papers was in the glovebax. I have a Gray 2001 Mazda 626, I told the officers that theres no way that my car can be stolen and that he must have me confussed. Sgt. Fulmore then asked did I have any I.d., I said yes, its in my car. I gave him my car keys and Sgt. Fulmore found my I.d. and started to search my car while the other officers ran a background check on my name. Sgt. Fulmore had found nothing, he said my car was clear. The other officer came back and said that I had a warrant for my arrest. I told Sgt. Fulmore and other officers that I can prove that this is my car, and I have records from the DMV and my Insurence Company but he still toed my car from my residence.

ECF No. 1, p. 3-4. As to the relief he seeks, Plaintiff alleges:

> I just want them to pay for my car and my belonging that was in my car. Since they took my car I couldn't get out and look for a job so I can support my family, I had to walk and go handle my business when I already had a car.

ECF No. 1, p. 4.

## DISCUSSION

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11, (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction include (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this

3

Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident. First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen*, 437 U.S. at 373-74. This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided by Plaintiff when he filed his Complaint, the personal property of which Plaintiff was allegedly deprived was a 2001 Mazda 626 and personal belongings inside the car, and Plaintiff and Defendants are all citizens and residents of South Carolina (ECF No. 1, p. 2). Second, the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a plausible claim cognizable under this Court's "federal question" jurisdiction.

Plaintiff's Complaint does not specifically allege that a right secured by the Constitution or laws of the United States was violated by Defendants. Even liberally construing the Complaint as asserting a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment,[2] the Due Process Clause is not implicated by a negligent act of a governmental official

---

[2] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). In order to state a cause
(continued...)

causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff complains of negligent conduct by Defendants, he cannot bring this action under § 1983. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989)("[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation").

Moreover, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see Mora v. City of Gaithersburg*, , 519 F.3d 216, 230-31 (4th Cir. 2008)(concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chappell*, 396 F.3d 548, 561-63 (4th Cir. 2005)(finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Taking Plaintiff's allegations as true, Plaintiff must utilize his remedies under South Carolina law to obtain relief for the alleged taking of his personal property, *i.e.* his car, such as by bringing a tort action in state court or proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq*. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984)(holding that intentional deprivations of property

---

[2](...continued)
of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *see also Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990)(where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986)(holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[3]

Thus, to the extent that Plaintiff's Complaint may be construed as an attempt to bring a due process claim under § 1983 by alleging that Defendants "Sumter County Police Department," "Sgt. Fulmore," and "other officers of Sumter County Police Department,"[4] acting under color of state law, intentionally or negligently deprived Plaintiff of his personal property, or intentionally or

---

[3]  *Yates* has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

[4]  As noted above, a § 1983 claim must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person."  Use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.  *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000).  For this additional reason, Plaintiff's Complaint is subject to summary dismissal as to Defendant "other officers of Sumter County Police Department."

negligently allowed another person to deprive Plaintiff of his personal property, Plaintiff's Complaint fails to state a cognizable claim of a constitutional violation by any of these Defendants that may be asserted in federal court. Hence, the alleged deprivation of Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319  (1989); *; Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

May 6, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

8